[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO REARGUE
The defendant in the above entitled matter has moved for CT Page 6375 reargument on the above matter. She poses three grounds, each will be addressed in turn.
 1. The court inadvertently failed to dissolve the marriage of the parties. The motion is granted with respect to that and the court amends its memorandum of decision by adding to paragraph one of the court's orders the following sentence: The marriage is dissolved.
 2. An interpretation of the court's granting of liberal visitation to the mother. The defendant is asking that, since the visitation from Florida to Connecticut is difficult at best given her employment as a teacher in Florida and the cost of the visitation and the fact that she has not been able to visit with her children since the trial, she be allowed seven weeks visitation in the summer beginning June 28, 1994.
 The plaintiff opposes this request asking that any visitation begin after July 4th because of some plans he has for a family reunion in Virginia on that weekend, and he also asks that it be limited so as to permit him to have some vacation time with the children.
 In granting liberal visitation the court was hoping that there would be agreement among the parties to permit the mother to see the children as often as she could arrange it with her schedule and her money. It now appears that this is not going to be so. Given the fact that she has had no visitation since the trial in March and given the problems associated with her visiting from Florida and the limited time available with her school schedule, the court believes that she should have as much visitation as is possible for her. She has requested seven weeks in the summer beginning June 28th. The defendant has asked that that start after the Fourth of July and end at the end of July or at least at such time as will permit the plaintiff to have a week or more vacation with the children.
 The plaintiff's claim is that his family has made plans for a family reunion in Virginia Beach for the Fourth of July weekend and he wishes the children to be able to attend that. While the court understands the plaintiff's desire to have that weekend, which has already been planned, the court is also sensitive to the defendant's need to have an extended CT Page 6376 period of time with her children.
 Consequently, the court will order that the defendant have visitation with her children from July 5th, 1994 until August 22, 1994. This will give her seven weeks. It does not give her the holiday which she also would like, but there will be other holidays and the plaintiff's suggestion of alternating holidays might well be considered by the parties or by the court on appropriate motion.
 The court would urge that the defendant make plans to have appropriate living quarters for the children during the visitation.
 Since the children will be in Virginia in July, the defendant shall pick them up in Virginia Beach somewhere between 9:00 a.m. and 12 noon on the morning of July 5th, 1994, at the place where the children are staying, and the plaintiff shall notify the defendant two weeks before that date of the place where the children will be and shall have them ready for the defendant to pick them up.
 The defendant shall also return the children to their home in Westport on August 23, 1994 before 6:00 p. m.
 3. The court will also correct its memorandum of decision to reflect the fact that the first motions filed by the defendant in March of 1993 included one for visitation and custody.
To the extent indicated above, the motion to reargue is granted. It is so ordered.
MARGARET C. DRISCOLL, STATE TRIAL REFEREE